Signed: February 22, 2006



_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

# DO NOT PUBLISH

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                   No. 05-40370 J7
                                        Adv. No. 05-4204
WOOSUNG LEE,

                Debtor.    /

HUEY-CHIANG LIOU,

                Plaintiff,
vs.

WOOSUNG LEE,

                Defendant.  /

## MEMORANDUM DECISION

     This is an adversary proceeding in which plaintiff Huey-Chiang Liou ("Liou"), seeks to bar the discharge of defendant Woosung Lee, the above debtor ("Lee"), pursuant to Bankruptcy Code §727(a)(4) (false oath or account in connection with a bankruptcy case). Liou also seeks a nondischargeable judgment in the sum of $15,225 against Lee pursuant to Bankruptcy Code §523(a)(2)(A) (debt obtained by

Memorandum Decision

false pretenses or fraud). The court, having heard the testimony of the witnesses and the other evidence presented, will issue its judgment in favor of Lee.

A. <u>Facts</u>

The genesis of this adversary proceeding is a pre-petition landlord-tenant relationship between Liou and Lee. On or about May 6, 2003, Liou and Lee entered into a Residential Lease-Rental Agreement for the real property located at 2371 Marion Avenue, Fremont, CA ("Property"), whereby Lee agreed to rent the Property from Liou at a monthly rate of $2,000 ("Lease"). At the time, the parties agreed that Lee would be allowed to pay a portion of the May 2003 rent, with the remainder to be paid between June and August 2003. Exhibit 1, Lease at page 3. At trial, Liou testified that this term was agreed to because Lee stated that he was then unemployed but anticipated becoming employed shortly.[1] The parties further orally agreed to amend section nine of the Lease and allow Lee to sub-lease the Property.[2]

Lee subsequently defaulted under the Lease. After entering into, and defaulting under, several written agreements to cure accrued rents, Lee and his son moved out of the Property on August 7, 2004. Liou asserts that he is owed $15,225 in unpaid rents and that this debt is nondischargeable.

---

[1] Testimony by Liou at trial.

[2] Id.

Memorandum Decision 2

On January 28, 2005, Lee commenced this chapter 7 bankruptcy case (the "Petition Date"). John Kendall is the appointed chapter 7 trustee ("Trustee"). On March 1, 2005, the initial section 341 meeting of creditors was held. On March 29, 2005, the continued meeting of creditors was held and concluded.

Liou subsequently commenced this adversary proceeding.

B.  Discussion

Section 727(a)(4)[3]

Denial of a debtor's discharge under section 727(a)(4)(A) requires proof, by a preponderance of the evidence, that: (1) the debtor knowingly and fraudulently made a false statement; and (2) the false statement related to a material fact. In re Aubrey, 11 B.R. 268, 274 (9th Cir. BAP 1990). Included are material false statements in, or omissions from, the debtor's schedules, In re Wills, 243 B.R. 58, 62 (9th Cir. BAP 1999), made with the actual intent to defraud. In re Adeeb, 787 F.2d 139, 1342 (9th Cir. 1986).

The purpose of section 727(a)(4) is to ensure that the bankruptcy trustee and creditors have accurate information that would enable them to understand the debtor's financial affairs without the need to conduct costly investigations. Aubrey, 111 B.R. at 274. However, section 727 is to be construed liberally in favor

---

[3] Bankruptcy Code § 727(a)(4)(A) provides: "The court shall grant the debtor a discharge, unless — . . . (4) the debtor knowingly and fraudulently, in or in connection with the case— (A) made a false oath or account.

Memorandum Decision                 3

of debtors and strictly against the creditor.  In re Mereshian, 200 B.R. 342, 347 (9th Cir. BAP 1996), citing Adeeb, 787 F.2d at 1342.

Here, Liou argues that Lee should be denied his discharge because Lee made various false statements under oath during the meeting of creditors and on his schedules and Statement of Financial Affairs.  Specifically, Liou asserts that between the Petition Date and the section 341 meeting of creditors, Lee made certain deposits[4] and transfers[5] of cash that he failed to disclose at the meeting of creditors and/or failed to disclose in his schedules.

The evidence at trial did not support many of Liou's allegations.  As to those that were supported, they were not material to the point that denial of Lee's discharge is justified.

With reference to Lee's schedules and Statement of Financial Affairs, Lee testified that the transfers of which Liou complained were post-petition, and thus, that he was not obliged to disclose them in his Statement of Financial Affairs.  See Official Form F, Statement of Financial Affairs, No. 7 (calling for transfers during the one year immediately preceding the filing of the petition). Liou submitted no contrary evidence.

---

[4] Liou submitted evidence showing that between the Petition Date and the meet of creditors (2/3/05 to 3/3/05), Lee made deposits to his Bank of America bank account in the total amount of $4,609.55.

[5] Liou proffered evidence that Lee made two cash transfers in the amount of $2,000 and $1,000 to "V V Asset Management" on 2/3/05 and 3/3/05, respectively.

Memorandum Decision                         4

As to his testimony at the meeting of creditors, Lee testified at trial that he did disclose the transfers as best he could recall. Although Lee may have been less than candid, and not fully accurate, the court cannot say that the inaccuracies were material. See In re Mereshian, 200 B.R. 342, 346 (9th Cir. BAP 1996)(a court may consider the fact that an asset has little value as a factor in its determination of a debtor's intent under section 727(a)(4)). Moreover, to the extent that Lee omitted disclosure of postpetition assets or transactions, they did not involve property of the estate. In In re Wills, the court stated "omissions or misstatements concerning property that would not be property of the estate may not meet the materiality requirements of section 727(a)(4)(A)." Wills, 243 B.R. at 63, citing In re Swanson, 36 B.R. 99 (9th Cir. BAP 1984). In Wills, the court also said "A false statement or omission that has no impact on a bankruptcy case is not grounds for denial of discharge under section 727(a)(4)(A)." Id.

Furthermore, the sums Liou alleges Lee failed to disclose could have been claimed as exempt from the estate even if they were pre-petition assets. Again, materiality is questionable.[6]

The court holds that section 727(a)(4) does not bar Lee from obtaining his discharge herein.

---

[6]In his Schedule C, Lee claimed California State exemptions under CCP §703.140(b)(1)-(5) as follows: $40.00 in cash; $1,000 in household goods and furnishings; $14,000 for a 2003 Toyota Camry. There thus remained a total of $6,535 in available unclaimed exemptions.

Memorandum Decision 5

Section 523(a)(2)(A)

Liou argues that Lee's debt for rent is nondischargeable under section 523(a)(2)(A). To prevail under § 523(a)(2)(A), a creditor must establish that: (1) the debtor made a representation, (2) with knowledge of its falsity, (3) with the intention and purpose of deceiving the creditor, (4) that the creditor justifiably relied on the representation, and (5) that the creditor sustained damage as the proximate result thereof. In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992); In re Britton, 950 F.2d 602, 604 (9th Cir. 1991). The creditor must establish each of these elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654 (1991).

Here, Liou has failed to establish the requiste elements. There was no evidence presented that showed that Lee entered into the Lease with Liou without intending to perform. With reference to the justifiable reliance requirement, Liou was aware of Lee's precarious financial condition when he agreed to allow Lee to let the premises, and thereafter when he agreed to the extensions.

Liou argues that the fact that Lee used certain sublease rent for his own purposes shows that his conduct was fraudulent, but failed to show at trial how or why this was so. In fact, Liou expressly authorized Lee to enter into a sublease.

Lee argues that Liou wrote him some checks that failed to clear, and thereby obtained more time to stay in the premises. This argument fails because Liou presented no evidence that Lee knew the checks would not clear.

Memorandum Decision 6

Liou also argues that Lee had promised him that he would make up the past due rent from various other sources (e.g., a tax refund). The court holds that any reliance by Liou on any such representations was not justifiable. If made, such representations came after the date of the alleged bounced checks, after Lee told Liou he was out of work, and after Liou had served Lee with a notice to quit the premises.

The court holds that Liou's claims under section 523(a)(2)(A) fail.

C. Conclusion

For the foregoing reasons, the court will issue its judgment in favor of Lee.

**END OF DOCUMENT**

COURT SERVICE LIST

Woosung Lee
P.O. Box 362315
Milpitas, CA 95036

Huey-Chiang Liou
2371 Marion Avenue
Fremont, CA 94539

Memorandum Decision 8